Shelley A. Weinberg, Esq.
20 Freeman Lane
Denville, NJ 07034
(862) 222-7110
GaryYel@aol.com

Matt Vance, Esq.
28 Valley Road, Suite 1
Montclair, NJ 07042
(973) 932-0098
MatthewVance@optonline.net

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRVING CASEY, Jr., <br><br> *Plaintiff*, <br><br> v. <br><br> THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> *Defendant*. | Civil Action No.: 20-cv-4482 (MCA)(MAH) <br><br> **FIRST AMENDED COMPLAINT** <br><br> *Document Electronically Filed* |

The Plaintiff, Irving Casey, Jr., by and through his attorneys, Shelley A. Weinberg, Esq. and Matt Vance, Esq., by way of Amended Complaint against the Defendant says:

## NATURE OF SUIT

1.  This is an action for plan benefits, for relief from a breach of fiduciary duty, attorney's fees, and costs under the Employee Retirement Income Security Act of 1974, as amended, 29 USC § 1001, *et. seq.*, (ERISA).

## JURISDICTION & VENUE

2.   This Court has jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331, as well as 29 USC § 1132(e) and 29 USC § 1132(f).

3.   Venue is proper in this district pursuant to 28 USC § 1391 and 29 USC § 1132(e) because the breach occurred within this district.

4.   Plaintiff filed a Claim and an Appeal, both of which were denied.  As such, he has exhausted his pre-litigation remedy.

## PARTIES

5.   At all times prior to the initiation of this lawsuit, Irving Casey, Jr. was a resident of the State of New Jersey, residing at 33 Westervelt Avenue, Plainfield, New Jersey 07060.

6. Plaintiff is a participant in the group benefit plan referenced in this Complaint.

7. Defendant Prudential Insurance Company of America ("Prudential") administers, insures, and serves as fiduciary with respect to the group benefit plan referenced in this Complaint.  Prudential's principal place of business is 751 Broad Street, Newark, New Jersey 07102.

## FACT BACKGROUND

8.  Prior to disability, Plaintiff served as a security guard at a public school district in New Jersey.  In this capacity, Plaintiff was a member of a labor union, the New Jersey Education Association ("NJEA").

9.  The NJEA provides its membership with Long Term Disability insurance through the purchase of a policy of group disability insurance.

10.  At all times relevant to this lawsuit, the group Long Term Disability benefit was funded by a policy of group disability insurance issued by Defendant Prudential bearing Group Contract No. G-41431-NJ.

11.  Prudential administered participants' claims for benefits under the plan, including the claim for Long Term Disability benefits submitted by Irving Casey, Jr.

12.  Plaintiff's former employer neither funded nor administered the plan or the policy referenced herein.

13.  Based upon the certificate of insurance Prudential produced during its administration of Plaintiff's claim, it had final authority to determine an insured's Long Term Disability benefits under the plan.  Also pursuant to the certificate, Prudential exercised authority and control over the operation of the plan.

14.  In June, 2015, Plaintiff Casey was struggling with uncontrolled diabetes, and gangrene. This has required a left below-knee amputation.

15.   Plaintiff Casey received a Social Security Disability Award on the first try.  The Social Security Disability file is notable for a below-knee amputation of the left foot, possible glaucoma, and dyspnea.

16.   The Social Security Disability record reveals that on July 26, 2015, a registered nurse visited with Mr. Casey and reported as follows:

> Overall Status:  1 – The patient is temporarily facing a high health risk(s) but is likely to return to being stable without heightened risk(s) for serious complications and death (beyond those typical of the patient's age)[.] Patient's Previous Rehab Status:  Was independent in ADL/Ambulation[.]

17.  Plaintiff's pre-disability occupation required that he have the ability to engage in at least an amount of physical activity which would normally be required of a para-law enforcement individual.

18.  Plaintiff's prosthesis has obvious effects on his ability to sit, stand, walk, run, and engage in other strenuous activities normally associated with the security guard occupation.

19.  Defendant Prudential conducted a slip-shod, biased, inadequate review of Mr. Casey's functional capacity.

20.  But for the protection afforded it by ERISA, Prudential would be liable to Plaintiff for bad faith.

21.  First, Prudential refused Mr. Casey's legitimate request to have an observer present at the Independent Medical Examination arranged by Prudential.

22.   When Prudential was pressed on the reason for denying such an observer, it was unable to provide a coherent reason in response.

23.   Second, until virtually the very last moment, Prudential refused Mr. Casey's reasonable request for a Litigation Tolling Agreement.

24.   Prudential had the authority to provide Plaintiff with a Litigation Tolling Agreement.

25.   Upon information and belief, Prudential's refusal to cooperate with Plaintiff's request for such an Agreement in a timely way was not linked to any legitimate program-related reason.  Rather, Prudential's refusal was born of a competitive desire to thwart Plaintiff's access to civil justice.

26.   Third, in spite of the clear evidence supporting the Plaintiff's satisfaction of the plan's definition of disability, Prudential persisted in denying the request for disability benefits, necessitating the within lawsuit.

27.   Prudential's refusal of an observer and refusal of a Litigation Tolling Agreement is inequitable conduct prejudicial to Mr. Casey's rights under the plan and under ERISA.

28.   During the relevant period of time, Plaintiff's disability was supported by his treating physicians.

29.   During this period of time, Plaintiff has not been employed, and has not engaged in any remunerative activity.

30.  Since Plaintiff's amputation, he has continued to meet the definition of disability as defined by Prudential's policy of insurance and continues to be disabled from any occupation in the national economy.

31.  Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the Long Term Disability plan as required by the plan and as called for under these circumstances.

32.  The terms of the plan did not authorize Prudential to deny Plaintiff his right to have an observer present at the defense examination sponsored by Defendant.

33.  By denying Plaintiff his right to an observer at the defense examination sponsored by Defendant Prudential violated 29 U.S.C. § 1104 (a)(1)(D).

**WHEREFORE**, Plaintiff Casey requests entry of an Order providing the following relief:

A.  Reinstatement of monthly Long Term Disability benefits retroactive back to the date that they wrongfully terminated by Prudential.

B.  Payment of Long Term Disability benefits going forward in accordance with the policy of insurance referenced in this Complaint.

C.  Any relief which is available for Prudential's violation of its fiduciary duty, as described herein.

D.  Pre-judgment interest.

E.  Attorney's fees and costs.

F.  Any other relief that the court deems just and fit.

**DATED**:  <u>May 6, 2020</u>                                      Respectfully submitted,

                                                    s: /*Matt Vance*

                                                    Matt Vance, Esq.
                                                    28 Valley Road, Suite 1
                                                    Montclair, NJ 07042
                                                    (973) 932-0098
                                                    MatthewVance@optonline.net

                                                    Shelley A. Weinberg, Esq.
                                                    20 Freeman Lane
                                                    Denville, NJ 07034
                                                    (862) 222-7110
                                                    GaryYel@aol.com

                                                    *Document Electronically Filed*